[No. 9,141.  Department One.—September 1, 1884.] ·

J. H. JOHNSON, PETITIONER, v. THE SUPERIOR COURT OF TULARE COUNTY, RESPONDENT.

INJUNCTION — REMOVAL OF OBSTRUCTIONS — CERTIORARI — CONTEMPT — JURISDICTION. — The jurisdiction of a court in granting a preliminary injunction against the diversion of the water of a stream is not exceeded when the order directs the removal of the means by which the diversion is made ; and the refusal to comply with such an order subjects the defendant to punishment for contempt.

APPLICATION for writ of *certiorari* to review an order adjudging the petitioner guilty of contempt for disobeying an injunction. The remaining facts are stated in the opinion of the court.

*Brown & Daggett*, for Petitioner.

*Atwell & Bradley*, for Respondent.

Ross, J.—In an action brought by one Bliss against the petitioner and others to enjoin them from diverting the waters of a certain stream, the Superior Court granted a preliminary in unction commanding the defendants to remove the obstructions by which they diverted the said waters, and to permit them to flow undisturbed in the stream, pending the action. Whether there was error in granting the injunction is not now for consideration. The case being here upon *certiorari*, the inquiry, of course, goes only to the power of the court to make the order. The jurisdiction of the court to grant a preliminary injunction, restraining the defendant from interfering with the flow of water pending the litigation cannot be doubted, and we cannot see that its jurisdiction is exceeded when it requires the removal

of the *means* by which the diversion is made.   The ultimate aim of the injunction is the undisturbed flow of the water.   The objections to the removal of the means by which the diversion is made are no more cogent than the objections to preventing the diversion of the water itself.   Upon the hearing in the court below there was testimony tending to show that after the dam that diverted the water had been in part removed, it was rebuilt by the direction of petitioner, and the diversion of the water continued, notwithstanding the injunction of the court.   We do not think the court exceeded its power in adjudging the petitioner guilty of contempt.

Writ denied and petition dismissed.

McKEE, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.